IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FELIX ALVAREZ, :
    Petitioner :
: No. 1:18-cv-00326
v. :
: (Judge Rambo)
DISTRICT ATTORNEY LEHIGH :
COUNTY, et al., :
    Respondents :

# MEMORANDUM

## I.    BACKGROUND

This case, which is styled as a Rule 60 motion pursuant to the Federal Rules of Civil Procedure, is filed by a previously unsuccessful federal habeas corpus petitioner, and appears to be an attempt at a second and successive federal post-conviction petition. (Doc. No. 1.) Indeed, a review of Pacer[1] reveals that Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 6, 2014 with the United States District Court for the Eastern District of Pennsylvania. See Alvarez v. Kerestes, Civ. No. 14-4750 (E.D. Pa. 2014). The District Court for the Eastern District of Pennsylvania provides an informative background surrounding Petitioner's petition:

> Alvarez is serving a sentence of imprisonment of 28 to 60 years following his convictions in the Lehigh County Court of Common Pleas of third-degree murder, attempted murder, aggravated assault, criminal

---

[1] The online national index providing public access to court electronic records.

1

> conspiracy, and three counts of recklessly endangering another person. He seeks habeas relief on the grounds that his Sixth Amendment rights to a fair trial and the assistance of counsel were violated in various respects, including in trial counsel's failure to call eyewitnesses and character witnesses and to preserve a challenge to the sufficiency of the evidence . . .
>
> Alvarez was arrested on September 6, 2007 following a grand jury presentment recommending charges against . . . him . . . The jury sitting in the Lehigh County Court of Common Pleas returned its verdict on November 9, 2009, finding Alvarez guilty of third-degree murder . . . attempted murder . . . aggravated assault . . . recklessly endangering another person . . . and criminal conspiracy . . . The court sentenced him on December 23, 2009 to an aggregate term of imprisonment of 28 to 60 years. Alvarez's trial counsel . . . continued to represent him on appeal. The Superior Court affirmed his conviction and sentence, however, on April 1, 2011. Alvarez did not seek allocator in the Pennsylvania Supreme Court.
>
> On or about February 6, 2012, Alvarez filed a pro se petition seeking relief under the Post Conviction Relief Act, 42 Pa. Cons. Stat. §9541 et seq. ("PCRA"). After counsel was appointed and filed an amended petition, the court convened a hearing on June 5, 2012, at which Attorney McLain, Alvarez, and a putative defense witness testified. The PCRA Court denied relief on October 2, 2012. The Superior Court affirmed the dismissal of the petition . . . and the Pennsylvania Supreme Court declined review.

Alvarez, Civ. No. 14-4750, Doc. No. 12 (E.D. Pa. Jan. 1, 2016).

Petitioner's federal habeas corpus petition was dismissed by the district court, finding that Alvarez's claims in his petition were reasonably adjudicated by the state court, were not cognizable as asserted, were procedurally defaulted, and

lacked merit.  (Id.)  Alvarez then filed a motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60(b) which the district court denied on September 6, 2016.  Id.

Currently incarcerated at the State Correctional Institution at Mahanoy, Frackville, Pennsylvania, Petitioner has filed this latest action as a motion under Rule 60(b) of the Federal Rules of Civil Procedure, which is actually in the nature of a second and successive federal petition for writ of habeas corpus.  (Doc. No. 1.)  Petitioner's motion requests that this Court review the state court's rulings because similar to his first habeas petition, he argues that his Sixth and Fourteenth Amendments rights were violated, his counsel was ineffective, and he is innocent.  (Id.)

## II. DISCUSSION

This petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  28 U.S.C. § 2254.  Rule 4 provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Summary dismissal pursuant to Rule 4 is appropriate here because Petitioner effectively seeks to pursue what is undeniably a second and successive federal

habeas corpus petition challenging his November 9, 2009 convictions. (Doc. No. 1.)

Prisoners seeking habeas relief must satisfy specific procedural prerequisites. These prerequisites include the requirement that: "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). As the United States Court of Appeals for the Third Circuit has stated:

> Pursuant to this gate-keeping function, AEDPA instructs the courts of appeals to dismiss any claim presented in a second or successive petition that the petitioner presented in a previous application. See 28 U.S.C. § 2244(b)(1). If a petitioner presents a *new* claim in a second or successive habeas corpus application, we must also dismiss that claim unless one of two narrow exceptions applies:
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that as previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Id. § 2244(b)(2)(A)-(B)(ii). Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

> appeals for an order authorizing the district court to consider the application." Id. § 2244(b)(3)(A). A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition "acts as a jurisdictional bar." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

Blystone v. Horn, 664 F.3d 397, 411-12 (3d Cir. 2011).

Construing Petitioner's pleading as a habeas corpus petition, it necessarily fails since the petition is undeniably a successive petition. See Harold v. Collins, Civ. No. , 2011 WL 5340558, at *4 (E.D. Pa. June 22, 2011) (construing Rule 60(b) motion as a second or successive habeas petition). As a successive petition, Petitioner cannot find relief in the first instance with this Court. Rather, "[t]he Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), places the federal courts of appeals in the role of 'gate-keeper,' charging them with the responsibility of 'preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction [or sentence].' Leal Garcia v. Quarterman, 573 F.3d 214, 220 (5th Cir. 2009)." Blystone, 664 F.3d at 411; see also Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (finding that to use a disguised Rule 60(b) motion "to present claims for relief from a state court's judgment of conviction" circumvents the AEDPA).

Accordingly, Petitioner must first present the claim to the court of appeals and must show that: "one or two narrow exceptions applies" as set forth above. See Blystone, 664 F.3d at 411. Because Petitioner has not followed this prescribed

5

course, the instant petition must be dismissed since: "A petitioner's failure to seek such authorizing from the appropriate appellate court before filing a second or successive habeas petition 'acts as a jurisdictional bar.'" Id. (quoting Key, 205 F.3d at 774).

Moreover, to the extent that Petitioner seeks to have this Court review and overturn the prior decisions of the District Court for the Eastern District of Pennsylvania, this Court has no legal authority to review prior rulings by a co-equal district court. See James v. Jett, Civ. No. 11-2609, 2011 WL 5176801, at *5 (D. Minn. Oct. 5, 2011) (citing Larson v. U.S., 905 F.2d 218, 222 (8th Cir. 1990)).

## III. CONCLUSION

For the foregoing reasons, Petitioner's Rule 60(b)(6) motion (Doc. No. 1), construed as a second and successive federal petition for writ of habeas corpus, will be denied. An appropriate Order follows.

                                             s/Sylvia H. Rambo
                                             SYLVIA H. RAMBO
                                             United States District Judge

Dated: March 19, 2018